## WALKER v. WEST PUB. CO.

No. 6591.   Opinion Filed February 1, 1916.

(154 Pac. 1189.)

1. **APPEAL AND ERROR—Pleading—Hearsay—Sworn Statement of Account—Itemized Statement.** In an action in which a verified answer is filed denying the allegations of the petition, a sworn itemized statement of the items and credits composing the basis of the action, if properly objected to, is not admissible in evidence.

2. **SALES—Action for Price—Sufficiency of Evidence.** The evidence examined and found to sustain the judgment, except as to a clerical error therein in the sum of $8.25.

(Syllabus by Collier, C.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by the West Publishing Company against H. T. Walker. Judgment for plaintiff, and defendant brings error. Modified and affirmed.

*J. J. Bruce,* for plaintiff in error.

*E. H. Bispham,* for defendant in error.

Opinion by COLLIER, C. This action was brought by defendant in error against plaintiff in error, based upon the following contract:

"In consideration of the shipment to me at the above address of the books named on the back of this contract (said books to belong to the West Publishing Company until paid for), I agree to pay to the West Publishing Company the sum of $336.00 as follows: $41.00 cash; balance $10.00 per month beginning May 1, 1909.

"Payable at St. Paul, Minn., with interest at the rate of 6 per cent. per annum from maturity until paid.

"[Signed]   H. T. WALKER."

Defendant answered, admitting the execution of said contract, and that he was indebted to plaintiff in the sum of about $120, which he stated he was able and willing to pay. Upon the trial, without objection or exception, a sworn statement of the cashier of plaintiff, based upon said contract, was admitted in evidence showing that said defendant was indebted to plaintiff in the sum of $173.75. Defendant in his own behalf testified that he had paid to plaintiff upon said contract, and for other books to the amount of $42, the sum of $258.55.

The case was tried to the court, and judgment rendered against defendant in the sum of $173.75. Motion for new trial was filed, overruled, and exceptions saved. To reverse said judgment, this appeal is prosecuted.

Plaintiff in error in his brief says:

"There are several assignments of error set up, but they raise only one question for the consideration of this court: Was the findings of the trial court sustained by sufficient evidence, and not excessive? If this question is answered in the affirmative, the judgment of the trial court should be affirmed."

"*Ex parte* affidavits rank in the scale of evidence in equal grade with hearsay testimony, and, in the absence of any statute or rule of court expressly authorizing it, such affidavits can never be admitted in evidence to prove the truth of facts directly in controversy, unless received by consent, or without opposition where such opposition might have been made. As to such matters, the testimony of witnesses must be taken in open court or upon deposition, so as to afford an opportunity for cross-examination." 2 Cyc. 35.

If proper objection had been made, said itemized statement should have been excluded. There being no objection to the introduction of said itemized account, it

must be presumed that the same was admitted by consent. Upon admitting the execution of the contract and pleading payment, the burden was shifted to defendant to prove payment.

The instrument sued upon provided for the payment of interest on the deferred payments therein named, which payments, to the amount of $10, matured each month. That plaintiff was entitled to charge such interest seems to have been entirely overlooked by defendant, and was doubtless considered by the trial court. When the interest stated in said itemized account is considered, it will be found that there is a very slight difference in the said statement and the testimony of defendant as to payments. Of course, while defendant should pay interest on the deferred payments, he was also entitled to be credited with interest on the partial payments made by him, and in said statement this matter was overlooked, as it was also by the court. A careful computation of the credits to which defendant was entitled by reason of interest on the partial payments, interest being calculated for the entire deferred payments in said statement, shows them to be $8.25, and to this extent the judgment rendered is excessive. It follows that there is sufficient evidence to sustain the judgment, if said clerical error, caused by failure to credit defendant with interest on his partial payments, be corrected.

The judgment should be modified by reducing same $8.25, and, as so modified, should be affirmed.

By the Court: It is so ordered.